FILED
 2010 Jul-26  PM 04:49
 U.S. DISTRICT COURT
   N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHERENE JOHNSON,** } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | **CASE NO. CV 2:09-cv-0783-SLB** |
| } | |
| **ALLIEDBARTON SECURITY** } | |
| **SERVICES, LLC,** } | |
| } | |
| Defendant. } | |

### MEMORANDUM OPINION

This case is currently before the court on defendant's Motion for Approval of Settlement Agreement. (Doc. 33.)[1] Defendant's Motion seeks approval of the parties' Settlement Agreement and General Release ("the Agreement"). (Doc. 33, Ex. A.) The Motion is unopposed. For the reasons set forth below, the court finds that defendant's Motion is due to be granted, and that all claims in the case are due to be dismissed with prejudice.

Plaintiff Sherene Johnson ("Johnson") alleged in her opt-in collective action complaint that defendant, AlliedBarton Security Services, LLC ("AlliedBarton"), willfully failed to pay Johnson and other similarly situated employees wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Doc. 1.) Specifically, Johnson alleged FLSA violations as follows: 1) Johnson was

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

not paid overtime compensation for hours worked in excess of forty (40) hours in a work week; 2) Johnson was not compensated for all of the hours she worked performing preliminary and postliminary duties; and 3) in failing to pay for preliminary and postliminary hours worked, defendants rounded up hours without compensation, creating a discrepancy between time records and the hours actually worked; this practice worked to the defendant's advantage, and to the disadvantage of Johnson.  (Doc. 1 at ¶ 10.)

**Settlement Agreement**

Defendant submitted a Settlement Agreement and General Release with the unopposed Motion for Approval of Settlement Agreement.  (Doc. 33, Ex. A.)  The Agreement resolves any and all claims, under FLSA and otherwise, which are related to Johnson's employment with AlliedBarton; and it resolves all issues arising out of or related to this lawsuit.  (Doc. 33, Ex. A at II.)  The Agreement also stipulates that all claims related to the present lawsuit are to be dismissed with prejudice.  (*Id*. at III.)  In this settlement, defendants agree to pay Johnson a total sum of $5,000 as full and final compensation for any and all claims, payable as follows: 1) a check made payable to Johnson in the gross amount of $2,500, less applicable deductions, issuing Johnson a Form W-2 at year-end for such payment; and 2) a check made payable to Johnson in the amount of $2,500, issuing Johnson a Form 1099 at year-end for such payment.  (*Id*. at I.)  The Agreement states that "Johnson further acknowledges and agrees that additional consideration in the form of attorneys' fees and costs has been paid to her attorney of

record." (*Id.*)

Because of the inequalities in bargaining power between employers and employees, settlements of claims for back pay brought by an employee pursuant to the FLSA are permissible in only two contexts: 1) with payments supervised by the Department of Labor, or 2) with "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employee[ ], in a suit brought by the employee[ ] under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (quoting *Lynn's Food Stores*, 679 F.2d at 1354) (concluding that the settlement before the court was a fair and reasonable resolution of bona fide disputes over FLSA provisions).

The parties agree that neither party admits liability or wrongdoing. (Doc. 33, Ex. A at X.) Based on the court's review of the record as well as the parties' settlement Agreement, the court finds that the proposed settlement is a fair and reasonable resolution of the parties' bona fide dispute.

Also, when a settlement agreement includes an amount that is designated for the

payment of attorney's fees and cost, "the FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009). "In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee." *Pacheco v. JHM Enters.,* No. 6:05-CV-1247-ORL-JGG, 2006 WL 948058, at * 2 (M.D. Fla. April 12, 2006) (citing *Lynn's Food Stores,* 679 F.2d at 1354). "The best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Dees v. Hydradry, Inc.*, No. 8:09-cv-1405-T-23TBM, 2010 WL 1539813, *10 (M.D. Fla. April 19, 2010) (quoting *Bonetti v. Embarq Management Co.*, No. 6:07-cv-1335-ORL-31GKJ, 2009 WL 2371407, *1 (M.D. Fla. Aug. 4, 2009) Here, because the payment of attorneys' fees is separate and apart from the award to Johnson, the court is satisfied as to the reasonableness of the payment of attorneys' fees and costs in the Agreement.

Therefore, an Order granting the defendant's unopposed Motion for Approval of Settlement Agreement, (doc. 33), approving the Agreement and dismissing all claims

with prejudice, will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 26th day of July, 2010.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE